UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                              )
                                    )        Case No. 15-44366
Nathan & Pamela Boyd,               )        Chapter 13
Debtor                              )

CHAPTER 13 PLAN

**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

$1,070.00 per month for 60 months.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Tax Refund. Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year. (2) Employee Bonuses. Debtor shall send fifty percent of any employee bonus or other distribution paid or payable to Debtor during the term of the plan. (3) Additional Lump Sums. Debtor shall send additional lump sums(s) consisting of _____, if any, to be paid to the Trustee.

**DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 5 and fees in paragraph 6, those funds shall be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:**

1 **Trustee and Court Fees.** Pay Trustee a percentage fee as allowed by law and pay filing fees if the Court enters an order providing for filing fees to be paid in the Chapter 13 plan.

2. **Executory Contract/Lease Arrearages**. Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD |
|---|---|---|

(L.F. 13 Rev. 10/2014)

3.  Pay sub-paragraphs concurrently:

  (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|

  (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

  (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate  other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph **5(a)** below.

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| **Bayview** | **$294.00** |

  (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| **Chase** | **$660.00** | **Debtors** |

  (E) **DSO Claims in equal installments.** Pay any pre-petition domestic support obligation arrears (not provided for elsewhere in this plan) in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|

4.  **Attorney Fees**. Pay Debtor's attorney **$1,996.00**  in equal monthly payments over **16** months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5.  Pay sub-paragraphs concurrently:

  (A)  **Pre-petition arrears on secured claims paid in paragraph 3**. Pay pre-petition arrearage on debts paid under paragraphs 3 (C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| **Chase** | **$0.00** | **48 Months** | **0.00%** |
| **Bayview** | **$0.00** | **48 Months** | **0.00%** |

  (B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with **4.75**% interest.

| CREDITOR | EST BALANCE  DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| **GM Financial** | **$29,792.00** | **60 Months** | **$33,329.00** |

(L.F. 13 Rev. 10/2014)

2

(C) **Secured claims** **subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **4.75%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| **Collector Of Revenue** | **$660.00** | **$15,000.00** | **60 Months** | **$743.00** |
| **MSD** | **$305.00** | **$37,200.00** | **60 Months** | **$344.00** |

(D) **Co-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below.  If paid by Trustee, pay claim in equal monthly installments over the period set forth below and with interest as identified below.

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| | | | | |

(E) Pay any post-petition fees and costs as identified in a notice filed per Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay.  Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

6.   Pay **$2,000.00** of debtor's attorney's fees and any additional attorney fees allowed by the Court .

7.   Pay sub-paragraphs concurrently:

(A) **Unsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below.  If paid by Trustee, pay claim in full with interest rate as identified below.

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|
| | | | |

(B) **Assigned DSO Claims**.  Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4).   Regular payments that become due after filing shall be paid **directly** by Debtor(s).

| CREDITOR | TOTAL DUE | TOTAL AMOUNT PAID BY TRUSTEE (100% or lesser dollar amount enumerated here) |
|---|---|---|
| | | |

8. **Priority Claims.** Pay the following priority claims allowed under 11U.S.C. section 507 in full, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| **Collector of Revenue** | **$432.00** |

(L.F. 13 Rev. 10/2014)

9.  Pay the following sub-paragraphs concurrently:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors.  Estimated total owed: $19,981.00.  Amount required to be paid to non-priority unsecured creditors as determined by 1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00 Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation:  $0.00  Debtor guarantees a minimum of $0.00 (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B)  **Surrender of Collateral**.  Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:
CREDITOR                COLLATERAL

(C) **Rejected Executory Contracts/Leases.**  Debtor rejects the following executory contract(s) with the following creditor(s).  Any balance to be paid as non-priority unsecured debt.:
CREDITOR                                CONTRACT/LEASE

10.  Other:

(A) Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they are contractually due under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).  This provision shall become null and void upon the conversion of this bankruptcy to another chapter or the dismissal of this case.

(B) If relief from the Automatic Stay is granted pursuant to 11 U.S.C. § 362(b) as to property of the estate, any creditor whose claim was secured by said property shall not be entitled to treatment pursuant to 11 U.S.C. §§ 1322(b)(2) or 1322(b)(5) under the plan and thus will be subject to discharge pursuant to 11 U.S.C. § 1328.

(C) Upon confirmation of this plan and after the expiration of the claims bar date, the debtor may limit future notice of matters in this case to parties affected by the relief sought and parties who file claims or notice requests or entries of appearance with the clerk of court.

(L.F. 13 Rev. 10/2014)

4

11.  All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328.   However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily. Within fourteen days of filing federal and state income tax returns, Debtor shall provide a copy of each return to the Chapter 13 Trustee..

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.  IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a).   ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR.  THE TRUSTEE, IN HIS SOLE DISCRETION, MAY DETERMINE TO RESERVE FUNDS FOR PAYMENT TO ANY CREDITOR SECURED BY A MORTGAGE ON REAL ESTATE PENDING FILING OF A CLAIM.

DATE:  **6/8/2015**          DEBTOR:_____**/s/ Nathan Boyd**_____
                                                  Nathan Boyd

DATE:   **6/8/2015**          DEBTOR:_____**/s/ Pamela Boyd**_____
                                                  Pamela Boyd

(L.F. 13 Rev. 10/2014)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                               )
                                                     )   Case No.  15-44366
Nathan & Pamela Boyd,                                )
                                                     )
                                                     )   Chapter 13
                        Debtor-Movant,               )

## CERTIFICATE OF SERVICE

I certify that a copy of the *Chapter 13 Plan*, attached hereto, was mailed *via cm/ecf* to John V. LaBarge Jr., POB 430908, St. Louis, MO 63143, Chapter 13 Trustee and the United States Trustee on this **10th Day of June, 2015** as well as all creditors listed on the attached Matrix.

The Consumer Law Center of Saint Louis, LLC

/s/ *Jessica Spanevello*
Jessica Spanevello, Legal Assistant

| | | |
|---|---|---|
| 2-10 Warranty<br>10375 E Harvard Ave, Ste 100<br>Denver, CO 80231 | AARP Credit Card Services<br>PO Box 8776<br>Wilmington, DE 19899-8776 | Account Resolution Corp<br>17600 Chesterfield Airport Road<br>Chesterfield, MO 63005 |
| Amato Physical Therapy<br>PO Box 660397<br>Indianapolis, IN 46266 | Ameren Missouri<br>PO Box 66529<br>Saint Louis, MO 63166-6529 | AT&T Consumer Services<br>PO Box 57907<br>Salt Lake City, UT 84157 |
| Bayview Loan Servicing<br>4425 Ponce de Leon Blvd<br>5th Floor<br>Miami, FL 33146 | C&C Quality Printing<br>4636 Gravois Ave.<br>Saint Louis, MO 63116 | Chase Home Finance<br>P O BOX 24696<br>Columbus, OH 43224-0696 |

(L.F. 13 Rev. 10/2014)

City of St. Charles Public
Works
200 N 2nd Street, Ste 202
Saint Charles, MO 63301

Collector of Revenue
City of Saint Louis
City Hall
1200 Market St Room 109
Saint Louis, MO 63103-2803

Day Knight and Associate
PO Box 5
Grover, MO 63040

Dean F Telthorst DDS
7937 Clayton Rd
Saint Louis, MO 63117

DePaul Health Center
SSM Healthcare
PO Box 505192
Saint Louis, MO 63150-5192

Directv
PO Box 78626
Phoenix, AZ 85062-8626

Equifax Check Services, Inc
PO Box 30272
Tampa, FL 33630-3272

Ernst Radiology Clinic
PO Box 60715
Saint Louis, MO 63160

Experian
PO Box 2002
Allen, TX 75013-2002

Fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

Ginny's
1112 7th Ave
Monroe, WI 53566-1364

GM Financial
PO Box 183834
Arlington, TX 76096

Innovare Health Advocates
100 Brevco Plaza
Suite 107
Lake Saint Louis, MO 63367-
1392

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jermaine Wooten, Esq.
Attorney for Summitt Holding
LLC
4144 Lindell Blvd.
Suite 225
Saint Louis, MO 63108

Jermaine Wooten, Esq.
4144 Lindell Blvd.
Suite 225
Saint Louis, MO 63108

Laclede Gas Company
720 Olive Street, Drawer 2
Saint Louis, MO 63171

Mercy Cancer Care
PO Box 775100
Bin#404188
Saint Louis, MO 63177-5100

Mercy Clinic East Communities
PO Box 504655
Saint Louis, MO 63150

Mercy Hospital St. Louis
PO Box 504856
Saint Louis, MO 63150-4856

Mid County Orthopaedic
Surgery
12639 Old Tesson Ferry Road
Saint Louis, MO 63128-2786

Midland Funding
8875 Aero Dr. 200
San Diego, CA 92123

Midwest Podiatry &
Associates
PO Box 419074
Saint Louis, MO 63141-9074

Missouri Department of
Revenue
Bankruptcy Department
PO Box 475
301 West High Street
Jefferson City, MO 65105

MSD
PO Box 437
Saint Louis, MO 63166-0437

Northwest Mutual
720 East Wisconsin Ave
Milwaukee, WI 53202

OpenSided MRI of St. Louis
PO Box 22307
Minneapolis, MN 55422-0307

(L.F. 13 Rev. 10/2014)

Protection One Alarm
Monitoring
PO Box 219044
Kansas City, MO 64121-9044

Security Network
3223 Commerce Place, Ste
101
West Palm Beach, FL 33407

Signature Medical Group, Inc.
12639 Old Tesson Ferry
Saint Louis, MO 63128

SSM Healthcare
1145 Corporate Lake Drive
Saint Louis, MO 63132

St. Louis Pathology Assoc.,
Inc.
660 Office Parkway
Saint Louis, MO 63141-7103

State Farm
2702 Ireland Grove Rd
Bloomington, IL 61709

Summit Holding, LLC
6000 W. Florissant
Saint Louis, MO 63136

The Johnson Law Firm,
L.L.C.
220 Salt Lick Road
Saint Peters, MO 63376

Transunion
PO Box 2000
Crum Lynne, PA 19022-2000

Valarity, LLC
P.O. Box 505023
Saint Louis, MO 63150-5023

Vanessa E. Pollard CPA
11631 Francetta Lane
Saint Louis, MO 63138-1719

(L.F. 13 Rev. 10/2014)